UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM REED,<br><br>    Plaintiff,<br><br>v.<br><br>FPC DULUTH STAFF et/al ... (211) UNIT,<br>BAKER, HAVERON their secretary,<br>FOOD SERVICE STAFF, JACKSON,<br>ANDERSON, and JACKSON - inmate,<br>Lt. JOHNSON, MOZAK and 2 UNKNOWN<br>CORRECTIONAL OFFICERS,<br><br>    Defendants. | Civil File No. 05-2526 (JMR/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff commenced this action on October 31, 2005, by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. Sec. 1983." (Docket No. 1.) He did not pay the $250.00 filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prison inmate, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). In

this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), has been calculated to be $7.51.

By order dated November 2, 2005, (Docket No. 4), Plaintiff was instructed to pay his initial partial filing fee of $7.51 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

After Plaintiff received the order directing him to pay his initial partial filing fee, he sent a letter to the Court, (Docket No. 5), which was construed to be a request for an extension of the deadline for satisfying his filing fee obligation. By order dated November 21, 2005, (Docket No. 6), the Court granted an extension of the fee payment deadline, and directed Plaintiff to pay his initial partial filing fee by no later than December 22, 2005. That order also reiterated the Court's prior warning that this action would be subject to summary dismissal if Plaintiff did not pay his initial partial filing fee on time.

The extended deadline for paying the initial partial filing fee has now passed, and Plaintiff still has not tendered any fee payment. Therefore, in accordance with the two prior orders in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has

the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Finally, the Court notes that Plaintiff has filed a motion seeking leave to amend his complaint. Given the Court's recommendation that this action be summarily dismissed for the reasons discussed above, it is further recommended that Plaintiff's motion to amend be denied.[1]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**;

2. Plaintiff's Motion to Amend/Correct, (Docket No. 7), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: January 18, 2006

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 6, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[1] Even if this action were not subject to dismissal because of Plaintiff's failure to pay his initial partial filing fee, the motion to amend would still be denied, because Plaintiff has not submitted a copy of his proposed amended pleading, as required by Local Rule 15.1.